■ HABITATIONS LIMITED, INC., Appellant, v BKL REALTY SALES CORP. et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered September 1, 1989, which denied petitioner's motion for an order of attachment, unanimously reversed, on the law, the facts and in the exercise of discretion, and attachment granted, unless respondents post a bond in the sum of $140,000 within 10 days of the date of this order, without costs.

This case arises out of an arbitration brought by petitioner Habitations Limited, Inc. against respondents BKL Realty Sales Corp. and Brett K. Lurie for unlawful termination of a sales consulting and marketing agreement between the parties. After arbitration before the American Arbitration Association, petitioner obtained what was termed a "Partial/Final Award" of $70,800 on June 15, 1989. In addition, the award granted petitioner attorney's fees, with the amount of said fees to be determined at a subsequent hearing. That hearing has since been held and petitioner was awarded an additional $45,000 in a "Final Award".

Following the rendering of the "Partial/Final Award", Habitations moved in Supreme Court for an order of attachment in aid of arbitration, pursuant to CPLR 7502 (c), against the respondents. The IAS court initially granted a temporary restraining order (TRO), which restrained BKL and Lurie from transferring or dissipating certain assets to the extent of $140,000. Subsequently, the IAS court modified its prior grant of the TRO by providing that respondents could vacate the TRO by posting a bond in the sum of $100,000, which respondents were unable to do. The court ultimately denied the underlying motion for an attachment, holding that the only ground upon which an order of attachment may be issued is "to insure that the arbitration award will not be rendered

ineffectual by sinister maneuvers on the part of the respondent[s]", and that petitioner failed to demonstrate that respondents had engaged in such sinister maneuvers with intent to defraud or frustrate the arbitration award.

We find that an improper standard was applied in deciding the motion. An application for an order of attachment in aid of arbitration is expressly governed by CPLR 7502 (c). That statute provides that the Supreme Court may enter the provisional remedies of an order of attachment or a preliminary injunction in connection with arbitration, "but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply * * * except that the sole ground for the granting of the remedy shall be as stated above."

This court has held that the standard that governs in a case involving arbitration is whether the award "may be rendered ineffectual without such provisional relief", and the standards generally applicable to attachments pursuant to CPLR 6201 (3), such as sinister maneuvers or fraudulent conduct, are not required to be shown in an application pursuant to CPLR 7502 (c). (Drexel Burnham Lambert v Ruebsamen, 139 AD2d 323, lv denied 73 NY2d 703.)

Here, petitioner made a sufficient showing that without an attachment its award might be rendered ineffectual. The individual respondent is the sole shareholder of the corporate respondent, which engages in the business of purchasing residential real estate and converting it to cooperative ownership. The individual respondent, Lurie, is a nondomiciliary of this State and petitioner has shown, by tax and bank records, that the corporation is merely a shell, with no appreciable liquid assets, which has been stripped by Lurie.

Petitioner also demonstrated, with sufficient documentation, that Lurie has historically failed to pay his creditors, and that Lurie has stated to others that he intends to remove his assets from the State and does not intend to satisfy the award. While it may appear that respondents have sufficient fixed assets, in the nature of the real property owned in New York, to secure the award, petitioner has demonstrated that the property is heavily mortgaged and may not be available to effectively satisfy the award.

Accordingly, petitioner having made a sufficient showing that the award may be rendered ineffectual, it was entitled to the protection of an order of attachment pursuant to CPLR 7502 (c) and the order of the IAS court denying the attach-

ment is reversed. To give respondents an opportunity to avoid the negative effect that an order of attachment may have on their ongoing business, respondents will be afforded the option of posting a surety bond to cover both awards, with potential interest and costs, in the amount originally ordered by the IAS court—$140,000. Concur—Kupferman, J. P., Asch, Kassal, Ellerin and Wallach, JJ.