OPINION OF THE COURT
Elliott Wilk, J.
Motion sequence numbers 001 and 002 are combined for disposition. Petitioners move for an order of attachment and for a preliminary injunction pursuant to CPLR 7502 (c). Respondents cross-move to dismiss the petition and to quash subpoenas. *3 Four nonparty PaineWebber executives move to quash subpoenas. Petitioners move to remove Janet Tavakoli as a party. Petitioners cross-move to add Jeffrey Unger as a petitioner. Petitioners’ motion to add party respondents has been withdrawn.
Petitioners are all Kidder Peabody & Co., Inc. employees who either have commenced arbitration or intend to commence arbitration against Kidder Peabody for various employment-related disputes, including claims of age, race and sex discrimination.
Petitioners seek an order of attachment against Kidder Peabody in the amount of $50 million and a preliminary injunction restricting Kidder Peabody from transferring assets for "less than fair and adequate consideration,” pending the conclusion of the various arbitrations.
When the motion for an order of attachment was first brought, Kidder Peabody was on the verge of a transfer of a significant portion of its business assets to PaineWebber, following a well-publicized period of financial difficulties. It was petitioners’ contention, fueled by a number of newspaper articles in the New York Times and the Wall Street Journal, that Kidder Peabody was about to divest itself completely of all of its assets, leaving but an empty shell wholly inadequate to meet the financial obligation of petitioners’ anticipated awards in arbitration. The anticipated "liquidation” of Kidder Peabody, it was claimed, would certainly render the petitioners’ awards "ineffectual” for purposes of CPLR 7502 (c) (provisional relief available in connection with an arbitrable controversy). Petitioners’ stated goal was to "preserve a pool of assets” so as to ensure satisfaction of petitioners’ awards.
Since the motion for provisional relief was made, the anticipated transfer of assets has been concluded. According to Kidder Peabody, assets valued at approximately $580 million were transferred to PaineWebber in return for PaineWebber stock valued at approximately $670 million. Kidder Peabody admits that it has since discontinued its operating businesses, but claims that it remains a registered broker-dealer and remains in business for the purpose of collecting assets and resolving the claims against it. Kidder Peabody maintains that "Kidder’s assets remain significantly larger than any amount petitioners could need to secure any eventual awards,” that Kidder Peabody "has not engaged in any transfers of assets for less than fair value” and that it is "not anticipated that Kidder will become unavailable to meet its obligations at any *4 time.” Kidder has also offered to notify counsel for petitioners promptly if its unencumbered assets "are projected to be reduced to below $50 million” while any of petitioners’ arbitrations are still pending.
CPLR 7502 (c) provides that a court may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy, "but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief.” Otherwise, the provisions of articles 62 and 63 apply to the grant of provisional relief, "except that the sole ground for the granting of the remedy shall be as stated above” (id.; Habitations Ltd. v BKL Realty Sales Corp., 160 AD2d 423 [1st Dept 1990]). Therefore, petitioners need not demonstrate the "sinister maneuvers or fraudulent conduct” which would otherwise need to be shown in order to provide grounds for an attachment under CPLR 6201. (Habitations Ltd. v BKL Realty Sales Corp., supra, at 424.)
By its terms, CPLR 7502 (c) replaces only the "grounds” which must be established for a grant of an attachment or injunctive relief, which are set forth in sections 6201 and 6301 respectively. The remainder of these articles still apply. Therefore, a party seeking provisional relief under CPLR 7502 (c) must still establish, among other things, the existence of a valid cause of action and grounds for relief. (CPLR 6212 [a]; 6312 [a].)
Regardless of the grounds upon which relief is sought, an injunction is not available where the underlying claim seeks only money damages. (Slavin v Rose, 156 AD2d 194, 195 [1st Dept 1989].) Petitioners’ remedy, if any, is attachment.
The papers submitted do not present substantial evidence of a viable $50 million claim against Kidder Peabody. More significantly, petitioners have failed to establish that their awards "may be rendered ineffectual” without an attachment. The documentary evidence suggests that Kidder Peabody received adequate consideration for its transfer of assets to PaineWebber, that it remains in possession of significant assets and that it remains a viable entity, at least for the limited purposes of winding up its operations. All that petitioners have offered contrary to respondents’ evidentiary showing is nonprobative newspaper articles and their counsel’s deep suspicion that Kidder Peabody will divest itself of assets to render itself judgment proof.
Petitioners appear to seek an absolute guaranty that a fund will exist from which their anticipated awards will be satisfied, *5 safe from any contingency, including future shifts in the stock market.
CPLR 7502 (c) does not entitle petitioners to a guaranty that their awards following arbitration will be satisfied. The statute requires petitioners to show that their awards "may” be rendered ineffectual, that is, that there is at least some likelihood or possibility of this occurring. (Drexel Burnham Lambert v Ruebsamen, 139 AD2d 323, 328 [1st Dept 1988], appeal denied 73 NY2d 703 [possible or likely transfer of assets by respondent provides ground for attachment under CPLR 7502 (c)].) Absent a showing that Kidder Peabody intends to compromise its assets to the detriment of petitioners, provisional relief pursuant to CPLR 7502 (c) is not appropriate. Petitioners’ request to keep the present proceeding open in anticipation of a change in the status quo is denied. Petitioners have received assurances from Kidder Peabody that they will be notified should Kidder Peabody’s assets be projected to fall below $50 million. This is sufficient to enable petitioners to act.
Accordingly, it is ordered, that the motion for an order of attachment or preliminary injunction pursuant to CPLR 7502 (c) is denied; and it is further ordered, that the cross motion to dismiss the petition is granted, and the petition is dismissed; and it is further ordered, that the cross motion and motion to quash subpoenas are denied as moot; and it is further ordered, that the motion to drop petitioner Janet Tavakoli is denied as moot; and it is further ordered, that the part of the cross motion which seeks to add Jeffrey Unger as a party petitioner is denied as moot; and it is further ordered, that the Clerk is directed to enter judgment accordingly.