Charles S. POLIN, Plaintiff,

Arthur M. Wisehart, Appellant,

v.

KELLWOOD COMPANY, Defendant–Appellee.

Docket No. 00–9184.

United States Court of Appeals, Second Circuit.

April 23, 2002.

Arthur M. Wisehart, New York, NY, for Appellant.

Steven R. Wall, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for Appellee.

Present OAKES, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Arthur Wisehart appeals from orders of the United States District Court for the Southern District of New York (Owen, J.) denying a motion to vacate an arbitration award.

Wisehart represented plaintiff Charles Polin in an action against defendant-appellee Kellwood Co., Polin's former employer. Polin sued Kellwood in the Southern District of New York in 1993, alleging tortious interference, fraud in the inducement, and age discrimination in violation of the New York Human Rights Law ("NYRHL") and the New York City Human Rights Law ("NYCHRL"). After several years of litigation, the parties submitted the matter to binding arbitration. On February 9, 1999, having earlier dismissed Polin's fraud in the inducement and age discrimination claims, the panel dismissed the tortious interference claim and sanctioned Polin's counsel, Wisehart, on multiple grounds including, *inter alia*, filing a frivolous age discrimination claim, making false representations to the panel (including a false proffer of a witness's testimony that delayed the proceedings), making false accusations about the conduct of Kellwood and its counsel, unauthorized tape-recording of a telephone conference with Kellwood's counsel and one of the arbitrators, and prolonging the arbitration with needless, prolix questioning of witnesses and spurious objections. This misbehavior significantly harmed Kellwood, which had agreed in the arbitration agreement to bear the fees of two of the three arbitrators as well as administrative costs. Wisehart was ordered to pay $153,237.64, representing one-half of Kellwood's arbitration fees and expenses, excluding witness fees.

Polin subsequently moved the district court for an order vacating the arbitration award. The district court denied Polin's motion and confirmed the award, finding that Polin had failed to establish [1] any of the specific grounds for vacatur under the Federal Arbitration Act, 9 U.S.C. § 10(a), or [2] that the arbitration panel acted in manifest disregard of the law. Notices of appeal were filed, but Polin withdrew his appeal on August 17, 2001, and we allowed Wisehart to proceed as appellant with respect to the sanctions award imposed on him.

We affirm for substantially the reasons stated in the district court's thorough opinions of June 29, 2000 (denying Polin's motion for vacatur) and November 2, 2000 (denying his motion for reconsideration). On appeal, Wisehart has cited no sufficient ground for reversal. Without addressing the findings as to his own misconduct, Wisehart makes charges of corruption, partiality, and misconduct on the part of the arbitrators—which are wholly unsubstantiated and meritless. He also continues to assert that the panel's sanctions award was unauthorized because it required Wisehart to pay expenses that the arbitration agreement allocated to Kellwood. But the arbitration agreement gives the panel "the authority to provide whatever remedies are currently available under the law for the claims asserted by Polin," and it expressly incorporates the rules of the American Arbitration Association, which allow arbitrators to require reimbursement of attorney's fees "in accordance with applicable law."

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.