■ GLADYS SANCHEZ, Respondent, v TOYS "R" US, INC., Appellant. [754 NYS2d 884] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 22, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant fails to establish that, under the circumstances prevailing at its store just two days before Christmas, the rack over which plaintiff tripped, three feet wide by four feet long but only a few inches high, was so readily observable as to warrant summary judgment in its favor. Defendant's contention that it had no notice of the dangerous condition is improperly raised for the first time on appeal, and we decline to consider it. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.

■ MICHAEL J. ERBER, Appellant, v CATALYST TRADING, LLC, et al., Respondents. [754 NYS2d 885] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered August 16, 2002, which denied petitioner's application pursuant to CPLR 7502 (c) for an injunction in aid of arbitration, unanimously affirmed, without costs.

Contrary to petitioner's argument, the criteria for provisional relief set forth in CPLR articles 62 and 63 are not relaxed when such relief is sought in aid of arbitration pursuant to CPLR 7502 (c) (*see Matter of Cullman Ventures [Conk]*, 252 AD2d 222, 230 [1998]; *New York City Off-Track Betting Corp. v New York Racing Assn.*, 250 AD2d 437 [1998]; *Koob v IDS Fin. Servs.*, 213 AD2d 26, 32 [1995]; *and see SG Cowen Sec. Corp. v Messih*, 224 F3d 79, 83 [2000]). Applying those criteria, it is plain that petitioner's application for an injunction was properly denied, since, inter alia, petitioner failed to demonstrate that he is likely to prevail on the merits of the dispute that is to be arbitrated. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.