■ FOUNDERS INSURANCE COMPANY LIMITED, Respondent, v EVEREST NATIONAL INSURANCE COMPANY et al., Appellants. [839 NYS2d 474]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 4, 2007, which granted petitioner's motion to enjoin respondents from drawing down on a trust account pending arbitration, unanimously reversed, on the law and the facts, with costs, and the motion denied. Order, same court, Justice and entry date, which denied respondents' motion to attach petitioner's assets, unanimously affirmed, with costs.

Petitioner fails to show that an arbitral award in its favor would be rendered ineffectual without an injunction (CPLR 7502 [c]). By petitioner's own admission, respondents have more than $14 billion in assets; since petitioner is seeking some $42 million in the arbitration, it appears that respondents would be able to pay the award even if they draw down on the trust account (*see Erickson v Kidder Peabody & Co.*, 166 Misc 2d 1 [1995]). Nor are we persuaded by petitioner's argument that an injunction is needed because of its alleged inability to bear the cost of prosecuting the arbitration without the income generated from the trust account. The cost of arbitration does not constitute irreparable injury (*see Emery Air Frgt. Corp. v Local Union 295*, 786 F2d 93, 100 [2d Cir 1986]). "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury" (*FTC v Standard Oil Co. of Cal.*, 449 US 232, 244 [1980] [internal quotation marks omitted]). Indeed, there is no requirement that petitioner be represented by counsel in the arbitration (*see Polin v Kellwood Co.*, 103 F Supp 2d 238, 262 [SD NY 2000], *affd* 34 Fed Appx 406 [2d Cir 2002], *cert denied sub nom. Wisehart v Kellwood Co.*, 537 US 1003 [2002]). Similarly, respondents' motion to attach petitioner's assets was properly denied for failure to show that an arbitral award in their favor would be rendered ineffectual without an attachment (CPLR 7502 [c]). The bulk of petitioner's assets consists of the principal of the trust account, but, by the terms of the trust agreement, respondent Everest Reinsurance Company has the exclusive right to withdraw principal from the trust account. While it might be helpful to respondents to attach the income from the trust account, respondents' own submissions show that various entities have guaranteed petitioner's obligations. Moreover, respondents fail to show that they will probably succeed on the merits (CPLR 6212 [a]; *cf. Erber v Catalyst Trading*, 303 AD2d 165 [2003] [criteria for provisional relief not relaxed when such relief is sought in aid of arbitration]). Nothing herein, of course, is to be understood as prejudging in any way the merits of the arbitration. Concur— Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.