■ Founders Insurance Company Limited, Petitioner, v Everest National Insurance Company et al., Appellants. Great American Insurance Company, Nonparty Respondent. [900 NYS2d 266]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 6, 2008, which, inter alia, granted respondents' motion to resettle and clarify an order, same court and Justice, entered November 29, 2007, to the extent of directing petitioner to post an undertaking in the amount of $500,000, unanimously affirmed, with costs. Appeal from judgment, same court and Justice, entered November 19, 2008, awarding respondents $269,730.42 in attorney's fees and costs, unanimously dismissed, without costs.

In the instant special proceeding against respondents and US Bank, N.A., as stakeholder and trustee, petitioner sought a preliminary injunction to enjoin respondents from drawing down on a $32,000,000 trust account created for their benefit under the parties' reinsurance agreement pending the outcome of the arbitration of a dispute between the parties concerning the agreement. Following a hearing, petitioner's motion for a preliminary injunction was granted, and ultimately petitioner filed an undertaking in the amount of $1.6 million, as required by the court as a condition for the granting of the preliminary injunction. Nonparty respondent Great American Insurance Company was the surety on the undertaking and received $1.6 million in cash collateral as security therefor. By order entered June 28, 2007, this Court reversed the order of Supreme Court granting the preliminary injunction (41 AD3d 350 [2007]).

On or about October 1, 2007, petitioner moved in Supreme Court for an order reducing the amount of the undertaking from $1.6 million to $500,000, or, in the alternative, to an amount bearing some rational relationship to the potential economic harm to which respondents were exposed during the period in which the injunction was in effect. Respondents moved pursuant to CPLR 6315 for an order fixing $658,813.16 against

the undertaking as the amount of damages it suffered as a result of the erroneously granted preliminary injunction. Respondents' damages consisted of lost interest income incurred as a result of their inability to draw and use trust funds as they became due and attorney's fees and costs incurred in working to overturn the preliminary injunction. During oral argument before Justice Lowe on the motion on November 16, 2007, the court stated, "I grant your application in part and that is to vacate the undertaking, the undertaking which I initially ordered." The court then awarded respondents damages in the amount of $389,282.74 for lost income and referred the issue of the amount of attorney's fees and costs to a referee to hear and report. The transcript of the hearing was so-ordered and entered on November 29, 2007. Respondents took no appeal from that order.

On November 27, 2007, petitioner's attorneys contacted Great American and requested the return of the cash collateral, since the undertaking had been vacated. Great American reviewed a copy of the transcript and directed that petitioner return the original undertaking to it so that it could proceed with the cancellation and return of collateral. On December 4, 2007, petitioner's attorney presented the so-ordered transcript of November 16, 2007 to the clerk of the court, and the clerk reviewed it and returned the original undertaking to petitioner's counsel. The clerk then entered into the clerk minutes that the undertaking had been returned as per order of Justice Lowe filed on November 29, 2007. Petitioner's attorneys presented Great American with the original undertaking, and on December 7, 2007, Great American transferred back to petitioner the $1.6 million of cash collateral it had held for the undertaking.

On March 25, 2008, respondents contacted Great American and demanded disbursement from the undertaking of the amount of damages that were fixed by the court for lost interest income as a result of the erroneously granted preliminary injunction. Upon learning that the undertaking had been cancelled, respondents moved in Supreme Court for an order resettling and clarifying the order of November 29, 2007; directing nonparty Great American to make immediate payment of $389,282.74 to respondents; directing that an undertaking in the amount of at least $269,530.42 remain in place; and holding petitioner and its counsel in contempt for violating the court's order. The court granted the motion, insofar as is pertinent herein, to the extent of directing petitioner to post an undertaking in the amount of $500,000. During oral argument on the motion, the court admitted that, although it stated on the rec-

ord at the November 16, 2007 hearing that the undertaking was vacated, that was a misstatement and not the court's intention. However, since it had stated that it was vacating the undertaking, the court declined to impose sanctions on those who took action based on its words. Recognizing that respondents were not protected against claims for damages arising out of the erroneously granted preliminary injunction, the court directed petitioner to post a new undertaking in the amount of $500,000. To date petitioner has not posted that undertaking.

Not having taken a timely appeal from the November 29, 2007 order, respondents have limited the scope of their appeal to the issue whether the court, in its June 6, 2008 order directing petitioner to post an undertaking in the amount of $500,000 and not directing Great American to make immediate payment of the amount assessed as respondents' lost interest income, failed to adequately remedy the consequences of its ill considered statement that it was vacating the undertaking.

Great American fulfilled its obligation as surety. It was not a party to the action between petitioner and respondents; it lacked knowledge of the nuances of the case; and it was not present in court when the court directed that the undertaking be vacated. Great American released to petitioner the collateral it had held as security for the undertaking, relying in good faith upon the so-ordered transcript of November 16, 2007 that contained the clear statement that the undertaking was vacated, the clerk of the court's interpretation of the transcript, and the clerk's return of the original undertaking to petitioner. Under the circumstances, Great American cannot be held liable on the undertaking for respondents' damages. Moreover, the court could not have granted the resettlement relief respondents requested, i.e., reinstatement of Great American's undertaking, because, Great American having released all its collateral, reinstatement would have affected a substantial right of Great American (CPLR 5019 [a]; *see e.g. Solomon v City of New York*, 127 AD2d 827 [1987], *lv dismissed* 69 NY2d 985 [1987]; *United States v Martinez*, 613 F2d 473 [1980]).

Respondents are not aggrieved by the judgment entered November 19, 2008 awarding them $269,730.42 in attorney's fees and costs incurred as a result of the erroneous granting of the preliminary injunction and have raised no issue on appeal with regard to that judgment. Nor does the judgment bring up for review the order of November 29, 2007, since the order vacating the undertaking as the security against which the award of damages could be satisfied does not "necessarily affect[ ] the final judgment" fixing the amount of damages (CPLR

5501 [a] [1]; *Cinerama Inc. v Equitable Life Assur. Socy. of U. S.*, 38 AD2d 698 [1972]).

We have considered respondents' remaining arguments and find them without merit. Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ.