OPINION OF THE COURT
Andrias, J.
Supreme Court granted petitioners a preliminary injunction enjoining respondents from denying or revoking “release time” to the individual petitioners, pending resolution of arbitration proceedings. Because petitioners have failed to establish a likelihood of success on the merits of the claim to be arbitrated, we reverse and vacate the preliminary injunction.
The individual petitioners were elected by members of petitioner Patrolmen’s Benevolent Association of the City of New York, Inc. (PBA) to four-year terms as the sole borough-wide PBA representatives for police officers assigned to the Bronx. On July 1, 2011, at the request of the PBA, the Office of *118 Labor Relations (OLR) issued release time certificates to the individual petitioners pursuant to New York City Executive Order No. 75 of 1973 (as amended by NY City Executive Order No. 6 of 1974) (EO 75), which approved full-time leave with pay and benefits.
On October 25, 2011, a grand jury indicted the individual petitioners in connection with an alleged ticket-fixing scheme. On October 28, 2011, pursuant to Civil Service Law § 75 (3-a), the individual petitioners were suspended without pay for 30 days, after which they were restored to modified duty. Meanwhile, by letter dated November 3, 2011, the OLR rescinded their release time certificates. The PBA declined the OLR’s offer to issue new release time certificates for three employees of the union’s choice, and filed a group grievance with the OLR.
After the grievance was denied, petitioners filed a request for arbitration with the New York City Office of Collective Bargaining seeking to reinstate the certificates on the ground that the rescission violated the parties’ collective bargaining agreement and EO 75. In conjunction therewith, petitioners commenced this proceeding seeking a preliminary injunction pending arbitration, pursuant to CPLR 7502 (c).
CPLR 7502 (c) provides that the Supreme Court “may entertain an application for ... a preliminary injunction in connection with an arbitration that is pending . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief.” The party seeking the preliminary injunction must also demonstrate a probability of success on the merits, danger of irreparable injury in the absence of a preliminary injunction, and a balance of the equities in their favor (see Interoil LNG Holdings, Inc. v Merrill Lynch PNG LNG Corp., 60 AD3d 403, 404 [1st Dept 2009]; Erber v Catalyst Trading, 303 AD2d 165 [1st Dept 2003]). Applying these standards, even assuming that petitioners established that an award in their favor would be rendered ineffectual without provisional relief, as required by CPLR 7502 (c), they have failed to make the requisite showing of a likelihood of success on the merits, and therefore have not established their entitlement to injunctive relief (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]).
The right of union-designated employees to be released from their job duties to perform union or joint labor-management activities is established in EO 75, which generally vests the City with broad oversight of employee representatives. Section 4 (4) of EO 75 provides:
*119 “Organizing, planning, directing, or participating in any way in strikes, work stoppages, or job actions of any kind, are excluded from the protection or coverage of this Order. Any employees assigned on a full or part-time basis or granted leave of absence without pay pursuant to this Order who participate in such excluded activity may have such status suspended or terminated by the City Director of Labor Relations.”
Section 4 (10) provides: “Employees assigned on a full-time or part-time basis or granted leave without pay pursuant to this Order shall at all times conduct themselves in a responsible manner.” Section 5 provides that “[n]othing contained in this Order shall be deemed to have the effect of changing the character of any subject matter hereof which is a managerial prerogative and as a non-mandatory subject of collective bargaining.”
Enforcement of EO 75 is committed to the OLR Commissioner, who may issue implementing rules and regulations. The indictments of the individual petitioners on charges related to a ticket-fixing scheme that include allegations of grand larceny, official misconduct, tampering with public records, and criminal solicitation constitute a sufficient basis for the City to determine that the individual petitioners did not “at all times conduct themselves in a responsible manner” (see generally Colon v City of New York, 60 NY2d 78, 82 [1983]; Jenkins v City of New York, 2 AD3d 291 [1st Dept 2003]). Accordingly, OLR was entitled to unilaterally rescind the release time certificates.
The dissent believes that petitioners made a sufficient showing of a likelihood of success on the merits by virtue of their argument that EO 75’s provision for cancellation of release time in two defined sets of circumstances (see EO 75 § 4 [4], [7]) means that release time may not be cancelled for any other reason. However, EO 75 § 4 (4) focuses on strikes, work stoppages, and job actions, and makes clear that they are not protected. Although the subsection provides that any employee on a leave status who participates in such activity may be suspended or terminated, it does not state that this is the sole ground for rescission of leave status. EO 75 § 4 (10) imposes a requirement that all employees on leave conduct themselves in a responsible manner, the only reasonable inference from which is that there are consequences for noncompliance. Petitioners’ proposed construction of EO 75 deprives the City of any authority to *120 unilaterally revoke release time and would render section 4 (10), the Order’s catch-all provision, a nullity, which is an untenable construction (see Namad v Salomon Inc., 74 NY2d 751 [1989]; People v Kates, 77 AD2d 417, 418 [4th Dept 1980], affd 53 NY2d 591 [1981]). It is also inconsistent with the broad oversight of employee representatives that the Order vests in the City. Indeed, the release time certificates state on their face that they “MAY BE REVOKED, MODIFIED OR CANCELLED,” and petitioners do not suggest any purpose section 4 (10) might have, other than to vest the City with residual authority to rescind release time where warranted.
Since petitioners’ interpretation of EO 75 is not plausible, they have not demonstrated a likelihood of success on the merits.
Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Joan B. Lobis, J.), entered December 30, 2011, insofar as appealed from as limited by the briefs, enjoining respondents from implementing any termination or revocation of “release time” leave for the three individual petitioners pending resolution of arbitration proceedings commenced by petitioner Patrolmen’s Benevolent Association, should be reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding dismissed.