Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 16, 2013, which denied petitioner’s application pursuant to article 75 of the CPLR for an attachment to secure an eventual arbitration award, unanimously affirmed, without costs.
CPLR 7502 (c) provides, in pertinent part, that the court may “entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 [attachment] and 63 [injunction] of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose), except that the sole ground for the granting of the remedy shall be as stated above” (emphasis added).
Respondent FMSI disputes this standard, citing to multiple cases which involve injunctions under CPLR 7502 (c), and clarify that, in addition to the usual three-prong test for preliminary injunctions under article 63 of the CPLR, a petitioner must demonstrate that a potential arbitral award could be rendered ineffectual (see Interoil LNG Holdings, Inc. v Merrill Lynch PNG LNG Corp., 60 AD3d 403, 404 [1st Dept 2009]; Founders Ins. Co. Ltd. v Everest Natl. Ins. Co., 41 AD3d 350, *446 351 [1st Dept 2007]; Erber v Catalyst Trading, 303 AD2d 165 [1st Dept 2003]; Matter of Cullman Ventures [Conk], 252 AD2d 222, 230 [1st Dept 1998]; Koob v IDS Fin. Servs., 213 AD2d 26 [1st Dept 1995]; see also SG Cowen Sec. Corp. v Messih, 224 F3d 79, 81-84 [2d Cir 2000] [detailed analysis of interplay between CPLR 7502 and CPLR art 63]).
Recent cases of this Court, however, continue to apply the “rendered ineffectual” standard with regard to a CPLR 7502 (c) attachment in aid of arbitration (Matter of Sojitz Corp. v Prithvi Info. Solutions Ltd., 82 AD3d 89, 96 [1st Dept 2011], citing Matter of H.I.G. Capital Mgt. v Ligator, 233 AD2d 270, 271 [1st Dept 1996]; Sullivan & Worcester LLP v Takieddine, 73 AD3d 442, 442 [1st Dept 2010]), and we agree with this interpretation.
In any event, under either standard, petitioner’s evidentiary showing was insufficient, as FMSI submitted evidence that a certified public accounting firm had issued a clean audit “with no exceptions and no qualifications to its ability to continue operation as a going concern,” nor did petitioner offer any competent evidence to rebut the likelihood that insurance will cover any hypothetical arbitration award against FMSI.
Concur — Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.