■ In the Matter of LOCAL 100, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [655 NYS2d 602] —In a proceeding pursuant to CPLR 7511 (b) to vacate an arbitration award dated October 12, 1995, the appeal is from an order of the Supreme Court, Kings County (Jackson, J.), dated November 22, 1995, which granted the petition and vacated the award.

Ordered that the order is reversed, on the law, with costs, and the petition is dismissed.

The parties have a long-standing collective bargaining agreement (hereinafter CBA), according to which an "Impartial Arbitrator" was to be the final authority to settle grievances based upon contract interpretation. In May 1994 the parties amplified their CBA by entering into a Memorandum of

Understanding (hereinafter MOU) providing for expedited arbitration of the petitioner's concerns regarding the safety of the respondent's proposal to implement "One Person Train Operation" (hereinafter OPTO). The OPTO-safety arbitration was to be conducted by a three-member panel, headed by an "Impartial Chairman". According to Paragraph 2 of the "Guidelines" issued with the MOU, if the parties cannot agree upon the time and place for the panel to meet, the "Impartial Chairman" must schedule the hearings and, if necessary, should prevent undue delays.

The petitioner refused to agree to hearing dates unless and until it received certain "discovery". The respondent then filed a grievance with the Impartial Arbitrator, charging, in essence, that the petitioner was in breach of the agreement to expeditiously arbitrate the issue of the safety of OPTO. Following a hearing, the Impartial Arbitrator found for the respondent, and directed the petitioner to adhere to the arbitration dates which had already been scheduled.

The petitioner then commenced this proceeding to vacate the arbitration award pursuant to CPLR 7511 (b), on the ground that the Impartial Arbitrator lacked jurisdiction to schedule hearings or prevent delays, and that the Impartial Arbitrator was further guilty of "misconduct" in not granting the petitioner's request for an adjournment. The Supreme Court agreed that the Impartial Arbitrator had no jurisdiction over scheduling matters, and vacated the award. We now reverse and dismiss the petition.

Courts do not have jurisdiction to review interlocutory arbitration decisions like the one at issue here, and may only intervene after there has been a final determination at the conclusion of the arbitration proceeding (see, CPLR 7510, 7511; *Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281-282). Accordingly, the Supreme Court erred in declaring that the Impartial Arbitrator was without power to direct the parties to adhere to a prearranged arbitration schedule, as it lacked the statutory authority to vacate this interlocutory procedural ruling. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.