■ In the Matter of the Arbitration between THORNTON & NAUMES, LLP, et al., Respondents, and ATHARI LAW OFFICE et al., Appellants. [826 NYS2d 780]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered June 8, 2006 in Albany County, which, inter alia, in a proceeding pursuant to CPLR article 75, denied respondents' motion to quash subpoenas.

In August 2002, respondent Mohammed J. Athari and respondent Athari Law Office (hereinafter ALO) entered into a fee sharing agreement with petitioner Thornton & Naumes, LLP (hereinafter Thornton) with respect to lead paint and/or lead poisoning personal injury cases. Insofar as is relevant to the instant appeal, the agreement provided that in the event a dispute arose as to the terms set forth therein, the parties agreed to submit to binding arbitration before a mutually agreeable arbitrator. This agreement subsequently was amended to include petitioner Law Offices of James Sokolove Affiliates & Partners, P.C. as an additional partner.

In 2004, Athari entered into a partnership with James Nixon, forming respondent Athari & Nixon, LLP (hereinafter A & N). Difficulties subsequently ensued and, based on petitioners' allegations that Athari was usurping business opportunities in violation of the fee sharing agreement, Supreme Court granted their application to compel arbitration.* In conjunction therewith, petitioners served subpoenas upon NBT Bank, Athari, ALO and A & N and, thereafter, the court-appointed arbitrator issued subpoenas for Nixon and attorney Christine Legorius. Supreme Court subsequently denied respondents' motions to quash the subpoenas and for a protective order, and this appeal ensued.

The case law makes clear that " 'an appeal will be [dismissed as] moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the par-

---

* Petitioners also commenced a separate action against A & N and Nixon personally alleging tortious interference with the fee sharing agreement, which was stayed pending the outcome of the arbitration.

ties is an immediate consequence of the judgment' " (*Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.]*, 27 AD3d 990, 991 [2006], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Based upon our review of the record, it cannot be said that respondents' rights or interests would be affected if this Court were to grant the requested relief. Simply put, the record reflects that even without respondents' full compliance with the subject subpoenas, the arbitration proceeded to conclusion and resulted in an award in favor of petitioners. All that remains at this point is Supreme Court's limited review of the underlying arbitration award (*see* CPLR 7511 [b] [1]) and, accordingly, any appeal regarding subpoenas issued prior to the award is moot. As we are unable to discern any exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715), the instant appeal is dismissed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.