■ In the Matter of the Arbitration between THORNTON & NAUMES, LLP, et al., Respondents, and ATHARI LAW OFFICE et al., Appellants. (And a Related Action.) [825 NYS2d 923]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered July 25, 2006 in Albany County, which, inter alia, in a proceeding pursuant to CPLR article 75, denied respondents' motion to reargue or renew two prior motions to dismiss the petition and to modify a prior order compelling arbitration.

In 2002, respondent Mohammed J. Athari and his law firm, respondent Athari Law Office, entered into a fee sharing agreement with petitioner Thornton & Naumes, LLP with regard to lead poisoning personal injury cases. In July 2005, Supreme Court granted petitioners' application to compel arbitration based upon allegations that Athari was using a new partnership, established by him, to usurp business opportunities in violation of the fee sharing agreement and denied respondents' motions to dismiss the petition. Respondents filed a notice of appeal from Supreme Court's order, which was dismissed by this Court for failure of prosecution. In the interim, respondents moved to reargue or renew their motion to dismiss the petition, which motion was denied. Respondents now appeal.

Initially, we note that the denial of a motion to reargue is not appealable (see O'Brien v O'Brien, 16 AD3d 1015, 1016 [2005]). Next, Supreme Court quite properly denied respondents' motion to renew inasmuch as no new facts, unknown at the time of the original motion, were presented in support thereof.

With regard to respondents' arguments that Supreme Court improperly denied its original motions to dismiss the petition, we need note only that dismissal of the appeal from the order denying those motions acts as a bar to a subsequent appeal (see Matter of Sawhorse Lbr. & More v Amell, 2 AD3d 1082, 1083 [2003]). We have considered respondents' remaining contentions and find them equally without merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.