■ In the Matter of the Arbitration between THORNTON & NAUMES, LLP, et al., Respondents, and ATHARI LAW OFFICE et al., Appellants. THORNTON & NAUMES, LLP, et al., Respondents, v ATHARI & NIXON, LLP, et al., Appellants. THORNTON & NAUMES, LLP, et al., Respondents, v ATHARI & NIXON, LLP, et al., Appellants. [829 NYS2d 248]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered July 25, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 75 and a related action, granted petitioners/plaintiffs' motion for an order of attachment.

In 2002, respondents Mohammed J. Athari and his law firm, respondent Athari Law Office, entered into a fee sharing agreement with petitioner Thornton & Naumes, LLP (hereinafter Thornton) with respect to lead poisoning personal injury cases. In July 2005, Supreme Court granted petitioners' application to compel arbitration based upon allegations that Athari was using

his new law firm, respondent Athari & Nixon, LLP (hereinafter A & N), to usurp business opportunities in violation of the fee sharing agreement. Because defendant James Nixon and A & N were not parties to the fee sharing agreement, Thornton and another law firm commenced an action at law against A & N and Nixon personally, alleging tortious interference with the fee sharing agreement. That action was stayed pending the outcome of the arbitration proceeding.

During the pendency of the arbitration proceeding, petitioners sought an order of attachment against the property of Athari, A & N and Nixon in aid of arbitration and an order lifting the stay of the legal action for the purpose of granting such order against the property of A & N and Nixon. Supreme Court granted the motion and respondents and Nixon now appeal.

We affirm. In granting an order of attachment in aid of arbitration, petitioners were required to show that there is a viable cause of action, a probability of success on the merits, that the award may be rendered ineffectual without the relief sought and that the amount demanded exceeds all counterclaims known to petitioners (see CPLR 6212 [a]; 7502 [c]). Given the content of petitioners' moving papers, including a transcript of Athari's testimony at the arbitration proceeding, as well as the fact that at the time Supreme Court was considering the motion petitioners had prevailed in that proceeding, we are of the view that Supreme Court properly concluded that all the requirements for issuance of the provisional remedy were satisfied, including that the award might be rendered ineffectual without the attachment. We have considered respondents and Nixon's remaining arguments and find them equally without merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.