■ In the Matter of the Arbitration between THORNTON & NAUMES, LLP, et al., Respondents, and ATHARI LAW OFFICE et al., Appellants. [838 NYS2d 723]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered October 11, 2006 in Albany County, which, inter alia, denied respondents' cross application pursuant to CPLR 7511 to vacate an arbitration award.

The facts of this case are more fully set forth in our three prior decisions in this matter (see 36 AD3d 1119 [2007]; 36 AD3d 1057 [2007]; 35 AD3d 999 [2006]). To briefly recapitulate, in August 2002, respondent Mohammed J. Athari and respondent Athari Law Office entered into a fee sharing agreement with petitioner Thornton & Naumes, LLP with respect to lead paint and lead poisoning personal injury cases. The agreement provided, among other things, that the parties would submit to binding arbitration in the event of a dispute arising out of the agreement. The agreement thereafter was amended to include petitioner Law Offices of James Sokolove Affiliates & Partners, P.C.

In 2004, Athari entered into a partnership with James Nixon, forming respondent Athari & Nixon, LLP. Based upon petitioners' subsequent assertion that Athari was violating the fee sharing agreement, Supreme Court granted their application to compel arbitration. Notably, respondents appealed that determination, which appeal was dismissed for lack of prosecution.

During the course of the ensuing arbitration, subpoenas were issued by the arbitrator with which respondents failed to comply. As a consequence, the arbitrator struck respondents' statement of contentions and precluded the offer of any evidence relating to the subpoenaed documents. Ultimately, the arbitration resulted in an award favorable to petitioners. Upon petitioners' application to confirm the award, Supreme Court modified the award and, as modified, confirmed. Respondents now appeal and we affirm.

Initially, we reject respondents' contention that the award, insofar as it resolves issues regarding division of counsel fees and breach of fiduciary duties, violates public policy. This very issue was raised by respondents in opposition to petitioners' application to compel arbitration, and respondents' appeal from the ensuing order was dismissed for failure to prosecute. However, even if we were to consider this contention, we would find it without merit. The dispute being arbitrated involved the interpretation of a contract and did not involve the supervision of attorney conduct.

Next, we reject respondents' assertion that the arbitrator exceeded his authority in precluding respondents from presenting evidence related to the subpoenaed documents that respondents failed to produce. There can be no question that the subpoenas were properly issued by the arbitrator, and respondents' motion to quash the subpoenas was denied by Supreme Court. Nevertheless, respondents failed to produce the documents as required and, as a result, the arbitrator understand-

ably and quite properly refused to entertain evidence related thereto.

Finally, our review of the award does not reveal that it is wholly irrational or that it exceeds a specifically enumerated limitation (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]) and, thus, Supreme Court properly confirmed.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.