■ In the Matter of DENISE L., Respondent, v MICHAEL L., Respondent. ALISON D. CURLEY, Appellant. (Proceeding No. 1.) In the Matter of MICHAEL L., Respondent, v DENISE L., Respondent. ALISON D. CURLEY, Appellant. (Proceeding No. 2.) [53 NYS3d 572]—

Aarons, J. Appeal from an order of the Family Court of Saratoga County (Skoda, J.), entered August 31, 2015, which, in two proceedings pursuant to Family Ct Act article 6, among other things, denied Alison D. Curley's motion to quash a subpoena duces tecum.

Denise L. (hereinafter the mother) and Michael L. (hereinaf-

---

ter the father) are the parents of a son (born in 2001) and a daughter (born in 2003). In June 2014, the mother commenced the first of these proceedings by filing a petition seeking to modify a prior order of custody and visitation. In September 2014, the father subsequently filed a cross petition for modification of the same order. In connection with these proceedings, the father served a subpoena duces tecum upon Alison D. Curley, a psychologist who evaluated the son, demanding that she testify and produce for Family Court her records pertaining to the son. Curley moved to quash the subpoena. Family Court denied Curley's motion. This appeal ensued.*

The appeal must be dismissed as moot. "In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). The parties have advised this Court that, even though Curley's records were not produced due to the stay, the father nonetheless participated in the hearing on the competing petitions. After the completion of the hearing, Family Court issued an order. Although the father has filed a notice of appeal from such order, there is no pending proceeding in which to produce Curley's records and the subpoena has, in effect, become a nullity. In view of the foregoing, a decision by this Court will not directly affect the rights of the parties (*see Nary v Jonientz*, 104 AD3d 1141, 1141 [2013]; *Matter of Abidi v Antohi*, 58 AD3d 726, 727 [2009]; *Matter of Thornton & Naumes, LLP [Athari Law Off.]*, 35 AD3d 999, 999-1000 [2006]). Because the exception to the mootness doctrine does not apply (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715), the appeal must be dismissed.

Garry, J.P., Lynch, Rose and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* A Judge of this Court granted a stay pending appeal.