Matter of Colistra v Colistra (2018 NY Slip Op 04056)





Matter of Colistra v Colistra


2018 NY Slip Op 04056


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525276

[*1]In the Matter of KATHERINE COLISTRA, Respondent,
v
JOSHUA COLISTRA, Appellant. (And Another Related Proceeding.)

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Joch & Kirby, Ithaca (Susan C. Kirby of counsel), for appellant.
Pamela B. Bleiwas, Ithaca, for respondent.
Lucy Gold, Ithaca, attorney for the child.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered May 8, 2017, which, in two proceedings pursuant to Family Ct Act articles 6 and 8, denied respondent's motion to dismiss the petitions.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child who was born in Pennsylvania in June 2016. The parties lived together in Pennsylvania from May 2016 to February 2017, when the mother relocated with the child to the City of Ithaca, Tompkins County,
allegedly to escape domestic violence. The mother filed a petition in Family Court seeking sole legal custody and an order of protection against the father, as well as a family offense petition pursuant to Family Ct Act article 8. The court issued an interim order granting temporary sole legal and physical custody to the mother. The father moved to dismiss the petitions on the ground that New York lacked jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]).
Meanwhile, in Pennsylvania, the father filed petitions for custody and for an expedited custody hearing. The mother submitted objections on the basis that the Pennsylvania court was an inconvenient forum and moved for a stay pending the New York proceedings. Family Court [*2]then conducted a telephone conference with the Pennsylvania court pursuant to Domestic Relations Law § 76-e (2), in which the courts agreed that, although the child's home state was Pennsylvania, New York was the more convenient forum. The Pennsylvania court issued orders that relinquished jurisdiction to New York and dismissed the father's custody proceeding, and the father appealed from those orders in Pennsylvania. In New York, Family Court issued a corresponding order denying the father's motion to dismiss and stating that it would exercise jurisdiction pursuant to Domestic Relations Law § 76 (1) (b). The father appeals from that order.[FN1]
In February 2018, after this appeal had been perfected, the Pennsylvania appellate court determined that the Pennsylvania trial court had not given the father the requisite opportunity to present evidence and argument in conjunction with the telephone conference, reversed the orders by which the Pennsylvania court had declined jurisdiction, and remanded the matter for a new jurisdictional determination in which the parties are allowed to submit evidence (J.C. v K.C., 2018 Pa Super 29, 179 A3d 1124 [2018]). It is undisputed that Pennsylvania was the child's home state pursuant to the UCCJEA when the proceedings were commenced (see Domestic Relations Law § 75-a [7]). Family Court exercised jurisdiction pursuant to Domestic Relations Law § 76 (1) (b), which provides, as pertinent here, that when New York is not a child's home state, "a court of this state has jurisdiction to make an initial child custody determination only if . . . a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under [Domestic Relations Law § 76-f or § 76-g]" (emphasis added), and certain other criteria are also satisfied. As a result of the reversal of the Pennsylvania orders that declined jurisdiction, the predicate upon which Family Court based its exercise of jurisdiction no longer exists.[FN2]
"In general[,] an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). The new Pennsylvania jurisdictional determination, and any determination that Family Court may make thereafter, will determine the parties' rights and interests, which can no longer be affected by any determination this Court could make as to whether the earlier New York jurisdictional order was properly issued. Thus, the appeal is moot (see Matter of Cokely v Crocker, 157 AD3d 1033, 1034 [2018]; Matter of Denise L. v Michael L., 151 AD3d 1205, 1206 [2017]). As the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715), the appeal must be dismissed.
Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Although this nonfinal order is not appealable as of right, we exercise our discretion and grant the father permission to appeal (see Family Ct Act § 1112 [a]).

Footnote 2: We are advised that Family Court has stayed all proceedings pending the outcome of the Pennsylvania jurisdictional determination on remand.