| |
|---|
| **Anonymous v Anonymous** |
| 2024 NY Slip Op 32951(U) |
| August 21, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 511958/2024 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 21st day of August 2024

HONORABLE FRANCOIS A. RIVERA

------------------------------------------------------------------X

ANONYMOUS,

**DECISION & ORDER**

                   Plaintiff,

Index No.: 511958/2024

          - against -

Oral Argument: 8/16/2024

ANONYMOUS,

Ms. 4

               Defendant.

------------------------------------------------------------------X

By notice of cross motion filed on June 10, 2024, under motion sequence number four, respondent Largo First Avenue LLC seeks an order pursuant to CPLR 7502 (i) confirming an interim arbitration award dated April 5, 2024, Award; (ii) requiring JDS 616 First Avenue LLC ("Stern Holdings") and 616 First Avenue Developer LLC ("Developer," together with Stern Holdings, the "JDS Arbitration Parties") to maintain a $4.5 million bond until released by the Arbitrator or by further order of this Court; (iii) imposing a constructive trust as set forth in the Award; (iv) directing the JDS Arbitration Parties to provide to Largo Holdings current financial statements of respondents or other competent and reliable evidence of their assets, property and current financial condition; (v) enjoining the JDS Arbitration Parties, Michael Stern, and all those acting in concert with them from transferring any assets during the pendency of the Arbitration, other than to post the bond, which injunction may be purged by posting the full amount of the bond; (vi) In the event that immediate confirmation and relief pending arbitration is not granted on or about June 13, 2024, that the relief in ii – iv be granted immediately and in the interim, pending determination of the confirmation of the Award.

The motion was opposed by JDS 616 First Avenue LLC ("Stern Holdings"), 616 First Avenue Developer LLC ("Developer," and together with Stern Holdings, the "JDS Arbitration Parties"), and the JDS Arbitration Parties' principal, Michael Stern ("Stern") (hereinafter collectively the petitioners).

1

150307881

[* 1]

The following e-filed documents, listed by NYSCEF document number 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 87, 91) were read on the instant cross-motion.

Upon the foregoing documents, such other records as raised and identified in the briefing, and the arguments raised on the record in the August 16, 2024 hearing:

**IT IS ORDERED** that Respondent's motion to confirm the arbitration award and for relief in aide of arbitration (Mtn. Seq. 004) is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

**BACKGROUND**

This is a special proceeding brought by petitioners JDS 616 First Avenue LLC ("Stern Holdings"), 616 First Avenue Developer LLC ("Developer," and together with Stern Holdings, the "JDS Arbitration Parties"), and the JDS Arbitration Parties' principal, Michael Stern ("Stern"), under CPLR Article 75 for relief related to an arbitration.

On January 10, 2023, Largo Holdings commenced an arbitration with the American Arbitration Association (the "AAA," and which proceeding is referred to herein as the "Arbitration"). (NYSCEF Doc. No. 53) Following the appointment of the arbitrator, the parties agreed and stipulated that the Federal Arbitration Act (the "FAA") would govern any ancillary court proceedings, which application the arbitrator confirmed by email the same day. (NYSCEF Doc. Nos. 56 and 57)

During the course of the Arbitration, on February 22, 2024, Largo Holdings moved for interim measures under the AAA Commercial Rule 38, requiring the JDS

Arbitration Parties to post security to collateralize an eventual arbitration award. (NYSCEF Doc. No. 62)

After considering briefing from each side, the arbitrator held a hearing on or around March 18, 2024, and solicited additional briefing following the hearing. (NYSCEF Doc. No. 052) On April 9, 2024, the arbitrator issued an April 5, 2024 Award for Interim Security (the "Arbitration Award"). Id. The Arbitration Award was denoted as an "Award for Interim Security," and provided that "*it is and shall be deemed final for purposes of judicial review and enforcement in accordance with the Federal Arbitration Act.*" Id. at 1, 8. Among other relief, the Arbitration Award directed the JDS Arbitration Parties to post a bond in the amount of $4,500,000 by April 19, 2024. Id. at 7. The JDS Arbitration Parties failed to produce a bond by April 19, 2024, and have yet to do so.

***MOTION TO CONFIRM THE ARBITRATION AWARD***

Largo Holdings seeks that the Court confirm the Arbitration Award under the FAA. See AmTrust N. Am., Inc. v. Pac. Re, Inc., No. 15-cv-7505, 2016 U.S. Dist. LEXIS 44889, *10-11 (S.D.N.Y. 2016); Great E. Secs., Inc. v. Goldendale Invs., Ltd., No. 06 cv 6667, 2006 U.S. Dist. LEXIS 94271, *10 (S.D.N.Y. Dec. 20, 2006).

In general, under New York law, a court lacks jurisdiction to confirm an award before it is final. See Loc. 100, Transp. Workers Union of Am., AFL-CIO v. New York City Transit Auth., 237 A.D.2d 606, 607 (2d Dep't 1997) ("Courts do not have jurisdiction to review interlocutory arbitration decisions like the one at issue here, and may only intervene after there has been a final determination at the conclusion of the arbitration proceeding"). Largo Holdings points to the federal caselaw which treats

[* 3]

arbitration awards of interim security as "final" under the FAA for purposes of confirmation. <u>See</u>, <u>e.g.</u>, <u>AmTrust N. Am., Inc.</u>, 2016 U.S. Dist. LEXIS 44889, at *10-11; <u>Great E. Secs., Inc.</u>, 2006 U.S. Dist. LEXIS 94271, at *10. Federal caselaw interpreting the FAA treatment of confirmation is not binding on this court. This court could not locate any Second Department case identifying an exception for court review of interim security awards under the FAA.

Applying New York law, the Arbitration Award, as an interim award, is not "final" for purposes of involving this Court's review under CPLR Article 75, and this Court lacks the authority to review the Arbitration Award (for either confirmation, vacatur, or modification).

Accordingly, that portion of Largo Holdings' motion which seeks to confirm the Arbitration Award is denied.

### *MOTION FOR RELIEF UNDER CPLR 7502(C)*

Separately from the request to confirm the Arbitration Award, Largo Holdings moves pursuant to this Court's independent authority for interim relief. The Court finds that interim relief under these authorities is warranted.

The Court is empowered under CPLR 7502(c) to issue orders of attachment, preliminary injunctions, and other provisional relief *"upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief."* <u>Id.</u> Nothing in CPLR 7502 limits courts to provisional relief against the parties to the arbitration only—if third parties need to be restrained or have their assets attached to ensure that an arbitration award will be effective, courts have not hesitated to do exactly

Page **4** of **7**

that. <u>See</u>, <u>e.g.</u>, <u>Strabag SpA v. Credit Agricole CIB</u>, 2023 N.Y. Misc. LEXIS 1755, *24-28 (Sup. Ct. N.Y. Cnty. Apr. 8, 2023); <u>Matter of Thornton & Naumes</u>, 36 A.D.3d 1119, 1119-20 (3d Dep't 2007) (affirming CPLR 7502(c) attachment against non-parties to arbitration).

Separate from CPLR 7502(c) the Court has the inherent authority to direct a bond under the circumstances of this case. <u>See</u> <u>State v. Barone</u>, 74 N.Y.2d 332, 334 (1989); <u>see also</u> <u>Largo 613 Baltic St. Partners LLC v. Stern</u>, 210 A.D.3d 430, 430 (1st Dep't 2022) (in case between affiliates of parties to this case as well as petitioner Stern, finding court had inherent authority to require party "*to post a $1 million bond*" in order to "*curtail further litigation misconduct*").

The Court enjoys significant discretion in the form of preliminary relief it orders under CPLR 7502(c), and/or Articles 62 or 63, including attachment or directing a bond. <u>See</u> <u>Habitations, Ltd. v. BKL Realty Sales Corp.</u>, 160 A.D.2d 423, 424 (1st Dep't 1990) (attachment of funds); <u>Bridge Assocs. LLC v. Contract Mail Co.</u>, 2005 N.Y. Misc. LEXIS 3311 (Sup. Ct. N.Y. Cnty. Apr. 18, 2005) (directing deposit of bond into court registry).

The arbitrator who issued the interim award made findings that Stern Holdings and Developer, each an entity owned and controlled by Stern (all three of which, as petitioners, commenced this special proceeding), have appear to have fraudulently transferred assets after they were aware of the disputes by Largo Holdings, which would potentially undermines the enforceability of the award in the arbitration in favor of Largo Holdings as a potential creditor. For these reasons and as further set forth on the record,

[* 5]

the elements that the Arbitration Award could be "rendered ineffectual," that the threat to collectability establishes "irreparable harm," the likelihood of success, and the balance of the equities are all met.

The Court finds that interim relief in aide of arbitration pursuant to CPLR 7502(c) and the Court's inherent authority in the form of a bond, injunction, and attachment is therefore warranted. The Court denies that portion of Largo Holdings' motion that seeks to impose a constructive trust, or to compel production of financial records.

ORDERED, Largo Holdings' cross-motion (Mtn Seq. 004) is DENIED IN PART to the extent it seeks to confirm the Arbitration Award, impose a constructive trust, or direct the production of records.

ORDERED, Largo Holdings' cross-motion (Mtn Seq. 004) is GRANTED IN PART to the extent it seeks interim relief of a bond, injunction, and attachment in aide of arbitration under CPLR 7502(c) and the Court's inherent authority.

IT IS FURTHER ORDERED, that:

1. Within ten (10) calendar days of service of Notice of Entry of this Order, Stern Holdings and Developer shall post (and maintain until further order of the court) a bond of $4.5 million (the "Bond") as security for any final award imposed in the Arbitration and shall repatriate capital as necessary to meet that obligation.

2. Michael Stern, Stern Holdings, Developer, third-party JDS Investments FL LLC, and all those acting in concert with each of them, are hereby enjoined from making, causing, or allowing transfers which in any way impair the parties to this special proceeding from causing the Bond to be posted.

Page **6** of **7**

[* 6]

3.      Assets of $4.5 million collectively of Michael Stern, Holdings, Developer, and JDS Investments FL LLC are hereby attached and shall be levied.  Largo Holdings shall submit a separate proposed order of attachment directing the levy of attachment within four (4) business of Notice of Entry of this Order.

4.      The relief set forth in Paragraphs 2-and 3 shall be purged upon the posting of the $4.5 million bond as set forth in Paragraph 1.

The foregoing constitutes the decision and order of this Court.

ENTER:                                           _____François A. Rivera_____

                                                                            J.S.C.