■ In the Matter of Dustin H. Seamen's Society for Children, Respondent; Raymond H., Respondent; Patricia B., Appellant. (Proceeding No. 1.) In the Matter of Reanne B. Seamen's Society for Children, Respondent; Raymond H., Respondent; Patricia B., Appellant. (Proceeding No. 2.) [837 NYS2d 190]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of permanent neglect and abandonment, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Bogacz, J.) (one as to each child), both dated December 16, 2005, which, after fact-finding and dispositional hearings, found that she permanently neglected and abandoned the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are reversed, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for new fact-finding and dispositional hearings before a different Judge, and new dispositions thereafter, which shall be reached with all convenient speed.

The Legislature has expressly found that it is generally desirable for children to remain with or be returned to the birth parent whenever possible (*see* Social Services Law § 384-b [1] [a]). The provision of a timely procedure for terminating parental rights to avoid unnecessarily depriving children of the benefits of positive and nurturing family relationships furthers the best interests of the child (*see* Social Services Law § 384-b [1] [a]-[b]). Here, it took over one year to begin a fact-finding hearing, four years to complete the fact-finding hearing, and another nine months for a disposition. The petitions in this case were filed on February 16, 2000, and the Family Court's orders of fact-finding and disposition were not issued until December 16, 2005.

Further, among other things, the Family Court erred at the fact-finding hearing in permitting, under the business records exception, a caseworker to testify concerning entries in progress notes, not of her own making, in the absence of proof that those entries were contemporaneously made (*see* CPLR 4518 [a]; *Republic W. Ins. Co. v RCR Bldrs.*, 268 AD2d 574 [2000]; *Matter of Gregory M.*, 184 AD2d 252 [1992]).

The uneven application of the Family Court's evidentiary rulings, together with the inordinate amount of time it took to complete the fact-finding and dispositional hearings, contravened "fundamental fairness" in the conduct of the proceedings (*see Matter of Leon RR.*, 48 NY2d 117, 124 [1979]) and warrants reversal (*see Matter of Christina C.*, 185 AD2d 843 [1992]; *Matter of Florence X.*, 75 AD2d 942, 943 [1980]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.