Matter of Nykira H. (Chellsie B.-M.) (2020 NY Slip Op 01736)





Matter of Nykira H. (Chellsie B.-M.)


2020 NY Slip Op 01736


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


30 CAF 19-00200

[*1]IN THE MATTER OF NYKIRA H. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; CHELLSIE B.-M., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL LYNN EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
CLAYTON F. HALE, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (James E. Walsh, Jr., J.), entered January 8, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order terminating her parental rights with respect to the subject child on the ground of permanent neglect. We reject the mother's contention that petitioner failed to establish that it exercised diligent efforts to encourage and strengthen the parent-child relationship while the mother was incarcerated, as required by section 384-b (7) (a). Where, as here, a parent is incarcerated during the relevant period of time, petitioner's duty to engage in diligent efforts to strengthen the parent-child relationship "may be satisfied by informing the parent of the child['s] well-being and progress, responding to the parent's inquiries, investigating relatives suggested by the parent as placement resources, and facilitating communication between the
child[ ] and the parent" (Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1694 [4th Dept 2019], lv denied 34 NY3d 902 [2019] [internal quotation marks omitted]; see § 384-b [7] [f]). Here, we conclude that petitioner exercised diligent efforts inasmuch as the caseworker, over the course of at least one year, sent the mother monthly letters informing her of service plan review meetings, providing her with updates on the child's condition and progress, and explaining to her that if the child remained in foster care, the mother's parental rights could be terminated. We note that in light of the distance to the prison facilities and the child's age, medical needs, and inability to speak, neither visitation nor telephone contact was feasible (see Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1234 [3d Dept 2010], lv denied 14 NY3d 713 [2010]).
Contrary to the mother's further contention, petitioner established that, despite its diligent efforts, the mother failed substantially and continuously or repeatedly to maintain contact with or plan appropriately for the future of the child (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1776-1777 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). We conclude that "[t]he [mother's] failure . . . to provide any realistic and feasible alternative to having the child[ ] remain in foster care until [the mother's] release from prison . . . supports a finding of permanent neglect" (Matter of Davianna L. [David R.], 128 AD3d 1365, 1365 [4th Dept 2015], lv denied 25 NY3d 914 [2015] [internal quotation marks omitted]). Furthermore, where the evidence demonstrates that the foster placement is providing for the extensive needs of a child with medical concerns and that the parent "lack[s] knowledge, insight and understanding" into those [*2]needs, there is a sound and substantial basis in the record for determining that it is in the child's best interests to be freed for adoption by the foster family (Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 537 [1st Dept 2013], lv denied 22 NY3d 863 [2014]). Thus, "[i]n light of the positive living situation' of the child[ ] while residing with [her] foster parent[], the absence of a more significant relationship' between the child[ ] and the [mother], and the uncertainty surrounding' " the mother's ability to care for the child and the stability of her living situation, we further conclude that termination of mother's parental rights was warranted (Matter of Nataylia C.B. [Christopher B.], 150 AD3d 1657, 1659 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; see Matter of Isabella M. [Kristine N.], 168 AD3d 1234, 1236 [3d Dept 2019]).
Finally, contrary to the mother's contention that she was denied effective assistance of counsel, we conclude that " [t]he record, viewed in its totality, establishes that the [mother] received meaningful representation' " (Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court