Matter of Larry DD. v Tonya EE. (2020 NY Slip Op 03433)





Matter of Larry DD. v Tonya EE.


2020 NY Slip Op 03433


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

527291

[*1]In the Matter of Larry DD., Respondent,
v
Tonya EE., Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Lisa A. Burgess, Indian Lake, for respondent.
Reginald H. Bedell, Willsboro, attorney for the children.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of St. Lawrence County (Champagne, J.) entered August 1, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct. Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2005 and 2007). The mother resides with the children in the Town of Antwerp, St. Lawrence County, while the father resides in North Carolina. Pursuant to a 2009 consent order, the mother was awarded sole legal custody of the children, with parenting time to the father "at such times as the parties agree." In January 2018, the father commenced this modification proceeding seeking a set schedule of parenting time, alleging that, due to the mother's actions, he had not been able to see the children in three years. The father further alleged alienation of affection on the part of the mother in that she refused to facilitate contact between him and the children. After a fact-finding hearing, Family Court found that the father had established a change in circumstances and that the best interests of the children would be served by granting a set schedule of parenting time to the father. Family Court additionally found that the mother had "significantly manipulated and interfered with the father's ability to have contact with, and visit with, the children." As the court "believe[d] credible testimony at trial potentially shows a willful violation of" the prior order, the court also ordered the mother not to interrupt the father's parenting time "by way of frivolous police contact," ensure the children are available for unmonitored telephone contact with the father, and provide the father with contact numbers and information for each child's sports and extracurricular activities. Family Court further held that, upon the father's compliance with all three periods of scheduled visitation in a 12-month period, either the father or the attorney for the children could file a petition seeking expansion of the schedule of parenting time without showing an additional change in circumstances. The mother appeals.
The Court takes judicial notice that, during the pendency of this appeal, the mother was found to have neglected the children and, as a result, the children were removed and placed in the custody of the St. Lawrence County Department of Social Services. The attorney for the children contends that the appeal has thus been rendered moot. We agree. "In general[,] an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Denise L. v Michael L., 151 AD3d 1205, 1206 [2017]. As the mother's rights and interests in the children have been divested, she will not be directly affected by the determination and immediate consequence of this appeal (see Matter of Stephen K. v Sara J., 170 AD3d 1466, 1467 [2019]; Matter of Ramon U. v Nicia V., 162 AD3d 1252, 1252 [2018]). Moreover, the exception to the mootness doctrine is not applicable here (see Matter of Elizabeth LL. [Thomas OO.], 174 AD3d 1094, 1095-1096 [2019]; Matter of Gail UU. v Constance UU., 174 AD3d 976, 977 [2019]).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.