Matter of Carter H. (Seth H.) (2021 NY Slip Op 00740)





Matter of Carter H. (Seth H.)


2021 NY Slip Op 00740


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1025 CAF 19-02082

[*1]IN THE MATTER OF CARTER H. AND PARKER H. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SETH H., RESPONDENT-APPELLANT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
CATHERINE M. SULLIVAN, BALDWINSVILLE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered October 18, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order terminating his parental rights with respect to the subject children on the ground of permanent neglect. From the time the father admitted neglect to the time of the fact-finding hearing on the petition alleging permanent neglect, which was a period of two years, the father was released from incarceration and then returned to incarceration four times. Each time he was released during those two years, he returned to incarceration within two months for violating his parole. Contrary to the father's contention, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the father's relationship with the children, both during the times he was incarcerated and during the times he was released (see Matter of Jamarion N. [Ernest N.], 181 AD3d 1200, 1201 [4th Dept 2020]; Matter of Lennox M. [Sarah M.-S.], 173 AD3d 1668, 1669 [4th Dept 2019]; Matter of Jaxon S. [Jason S.], 170 AD3d 1687, 1688 [4th Dept 2019]). While the father was incarcerated, petitioner's caseworkers sent him monthly letters and met with him on several occasions, they arranged for visitation with the children, they provided him with a prepaid phone card so that he could call the children twice a week, and they advised him of the services he needed when he was released from incarceration. When the father was released, petitioner provided him with temporary housing, and the caseworkers attempted to locate him when he failed to make contact with them.
Petitioner also established that, notwithstanding its diligent efforts, the father permanently neglected the children inasmuch as he "failed substantially and continuously or repeatedly to . . . plan for the future of the child[ren] although . . . able to do so" (Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; see Jamarion N., 181 AD3d at 1201; Jaxon S., 170 AD3d at 1689). While he was incarcerated, the father called the children only a few times a month when they were placed with a relative and not at all when they were subsequently placed in foster care, which is where they had been placed for over a year at the time of the fact-finding hearing. During the times the father was released from incarceration, he made no effort to contact petitioner or comply with his court-ordered services, and he visited the children only one time. In fact, in the period of over a year when the children were in foster care, he never called the children there, never sent them letters, never sent them gifts, and never arranged for visits with [*2]them when he was released from incarceration.
The father did not request a suspended judgment and thus failed to preserve for our review his contention that Family Court should have granted one (see Jamarion N., 181 AD3d at 1201-1202). In any event, the court did not abuse its discretion in terminating the father's parental rights rather than issuing a suspended judgment (see id. at 1202; Lennox M., 173 AD3d at 1670). The father made no progress in addressing the issues that led to the removal of the children, and thus a suspended judgment was not warranted (see Jamarion N., 181 AD3d at 1202).
We reject the father's contention that he was denied effective assistance of counsel. The father failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1664-1665 [4th Dept 2018], lv denied 32 NY3d 917 [2019] [internal quotation marks omitted]; see Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1576 [4th Dept 2017], lv denied 31 NY3d 901 [2018]). While counsel's performance was not perfect, the record, viewed in totality, reveals that the father received meaningful representation (see Matter of Brooke T. [Terri T.], 175 AD3d 1842, 1842 [4th Dept 2019]; Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018]; Matter of Nicholson v Nicholson, 140 AD3d 1689, 1690 [4th Dept 2016], lv denied 28 NY3d 903 [2016]).
Finally, we reject the father's contention that the court erred in denying his request for the assignment of a new attorney or, alternatively, for an adjournment for him to retain a new attorney. With respect to the father's request for assignment of new counsel, he failed to show good cause for a substitution (see Matter of Alexander S. [David S.], 130 AD3d 1463, 1464 [4th Dept 2015], appeal dismissed and lv denied 26 NY3d 1030 [2015], rearg denied 26 NY3d 1132 [2016]; Matter of Wiley v Musabyemariya, 118 AD3d 898, 900 [2d Dept 2014], lv denied 24 NY3d 907 [2014]; see generally People v Sides, 75 NY2d 822, 824 [1990]). His statements regarding counsel were conclusory and reflected only a delaying tactic (see Wiley, 118 AD3d at 900-901). With respect to the father's request for an adjournment to retain his own counsel, it is well settled that "[t]he granting of an adjournment [to obtain new counsel] is addressed to the sound discretion of the court . . . In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651 [2d Dept 2006], lv denied 7 NY3d 717 [2006]; see generally Matter of Steven B., 6 NY3d 888, 889 [2006]). The father made his request on the day of the rescheduled fact-finding hearing, after having been granted two prior adjournments. Under the circumstances, the court did not abuse its discretion in denying the request for another adjournment (see Matter of Logan R. [Manuel R.], 168 AD3d 946, 947 [2d Dept 2019], lv denied 33 NY3d 911 [2019]; Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693-1694 [4th Dept 2016], lv denied 28 NY3d 914 [2017]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court