Matter of Natalee F. (Eric F.) (2021 NY Slip Op 02915)





Matter of Natalee F. (Eric F.)


2021 NY Slip Op 02915


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


351 CAF 19-01596

[*1]IN THE MATTER OF NATALEE F. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; ERIC F., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT.
MICHAEL R. O'NEILL, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered August 16, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Contrary to respondent's contention, petitioner established by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen respondent's relationship with the child during his period of incarceration (see Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1163-1164 [4th Dept 2020]; Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1694 [4th Dept 2019], lv denied 34 NY3d 902 [2019]; Matter of Callie H. [Taleena W.], 170 AD3d 1612, 1613 [4th Dept 2019], lv denied 35 NY3d 905 [2020]). Among other things, while respondent was incarcerated, petitioner attempted to facilitate communication between respondent and the child by providing respondent with avenues to communicate with the child without violating the order of protection that was in effect. Petitioner also sent respondent monthly letters to provide him with updates on the child, encouraged him to plan for the child's future by engaging in recommended treatment and services, notified him of service plan review meetings, and investigated the potential placement resources that respondent suggested for the child. Contrary to respondent's contention, the fact that the potential placement resources suggested by respondent failed to respond to communications from petitioner does not mean that petitioner failed to make the requisite diligent efforts (see generally Matter of Britiny U. [Tara S.], 124 AD3d 964, 966 [3d Dept 2015]).
Contrary to respondent's further contention, Family Court properly determined that he failed to plan for the future of the child (see Jarrett P., 173 AD3d at 1695; Callie H., 170 AD3d at 1614; see generally Social Services Law § 384-b [7] [a]). Although respondent completed a substance abuse program after the time period at issue in the petition and claimed to have completed anger management training, respondent failed to engage in the other recommended services, including additional sex offender treatment, mental health treatment and conflict resolution, and there is no evidence that he had a "realistic plan to provide an adequate and stable home for the
child[ ]" (Jarrett P., 173 AD3d at 1695 [internal quotation marks omitted]).
Finally, respondent did not request a suspended judgment, and thus he failed to preserve for our review his contention that the court abused its discretion in failing to issue one (see Matter of Jamarion N. [Ernest N.], 181 AD3d 1200, 1201-1202 [4th Dept 2020]; Matter of Hayleigh C. [Ronald S.], 172 AD3d 1921, 1922 [4th Dept 2019], lv denied 33 NY3d 911 [2019]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court