Matter of Damien WW. (Morgan WW.) (2021 NY Slip Op 03493)





Matter of Damien WW. (Morgan WW.)


2021 NY Slip Op 03493


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

529452
[*1]In the Matter of Damien WW. and Others, Alleged to be Neglected Children. St. Lawrence County Department of Social Services, Respondent; Morgan WW., Appellant, et al., Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
St. Lawrence County Department of Social Services, Canton (Keith S. Massey Jr. of counsel), for respondent.
Omshanti Parnes, Plattsburgh, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered June 28, 2019, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent Morgan WW.'s application for return of the subject children.
Respondent Morgan WW. (hereinafter the mother) and respondent Billy WW. are the parents of the three subject children (born in 2005, 2010 and 2011). In February 2019, petitioner commenced a proceeding alleging that the children were neglected by respondents, who then consented to a temporary order of removal and the children were removed from their care. In May 2019, the mother, seeking the return of the children to her care, requested a hearing pursuant to Family Ct Act § 1028. Following a fact-finding hearing, Family Court denied the application and continued placement of the children with petitioner. The mother appeals.
During the pendency of this appeal, the mother consented to a finding of neglect on the underlying petition and a dispositional order was entered adjudicating the children to be neglected and ordered that they remain in petitioner's custody. "Accordingly, the rights of the parties will not be directly affected by a determination of the [mother's] appeal, and the appeal is therefore moot" (Matter of Renezmae X. [Kimberly X.—Chad W.], 166 AD3d 1350, 1351 [2018] [citations omitted]; see Matter of Larry DD. v Tonya EE., 184 AD3d 954, 955 [2020]). As the exception to the mootness doctrine does not apply, the appeal must be dismissed (see Matter of Keith NN. [Chante LL.], 182 AD3d 747, 748 [2020]; Matter of Renezmae X. [Kimberly X.—Chad W.], 166 AD3d at 1351).
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.