Matter of Aubree R. (Natasha B.) (2023 NY Slip Op 03635)

Matter of Aubree R. (Natasha B.)

2023 NY Slip Op 03635

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

498 CAF 22-00562

[*1]IN THE MATTER OF AUBREE R., JAELYNN R., AND LEIGH B. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; NATASHA B., RESPONDENT-APPELLANT, AND MICHAEL R., RESPONDENT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT.
ARLENE H. BRADSHAW, SYRACUSE, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered March 23, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order terminating her parental rights with respect to the three children who are the subject of this proceeding on the ground of permanent neglect, respondent mother contends that petitioner failed to establish that it exercised diligent efforts to encourage and strengthen the parental relationship both prior to and during the period of her incarceration as required by Social Services Law § 384-b (7) (a). We reject that contention.
"An authorized agency that brings a proceeding to terminate parental rights based upon permanent neglect bears the burden of establishing that it has made 'diligent efforts to encourage and strengthen the parental relationship' " (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012], quoting Social Services Law § 384-b [7] [a]; see generally Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). " '[D]iligent efforts' . . . mean reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and the child" (§ 384-b [7] [f] [emphasis added]), and they " 'include reasonable attempts at providing counseling, scheduling regular visitation with the child[ ], providing services to the parent[] to overcome problems that prevent the discharge of the child[ ] into [the parent's] care, and informing the parent[] of [the child's]
progress' " (Matter of Whytnei B. [Jeffrey B.], 77 AD3d 1340, 1341 [4th Dept 2010]; see Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539 [4th Dept 2018], lv denied 32 NY3d 905 [2018]). The "[p]etitioner is not required, however, to guarantee that the parent succeed in overcoming [the parent's] predicaments . . . but, rather, the parent must assume a measure of initiative and responsibility" (Whytnei B., 77 AD3d at 1341 [internal quotation marks omitted]).
"While an agency's obligation to exercise diligent efforts is not obviated by a parent's incarceration . . . , it does create[] some impediments, both to the agency and to the parent, leading courts to conclude that diligent efforts in such circumstances may be established by the agency apprising the incarcerated parent of the child's well-being, developing an appropriate service plan, investigating possible placement of the child with relatives suggested by the parent, [*2]responding to the parent's inquiries and facilitating telephone contact between the parent and child" (Caidence M., 162 AD3d at 1539 [internal quotation marks omitted]; see Social Services Law
§ 384-b [7] [f]; Matter of Callie H. [Taleena W.], 170 AD3d 1612, 1613 [4th Dept 2019], lv denied 35 NY3d 905 [2020]).
Here, petitioner established by clear and convincing evidence (see Social Services Law § 384-b [3] [g] [i]) that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the mother's relationship with the children during the relevant time period, but that the mother failed to plan for the future of the children or to progress meaningfully to overcome the predicaments that initially endangered the children and led to their removal from her care (see Callie H., 170 AD3d at 1613-1614; Matter of Jaxon S. [Jason S.], 170 AD3d 1687, 1688-1689 [4th Dept 2019]; see generally Star Leslie W., 63 NY2d at 142).
We reject the mother's further contention that she was denied effective assistance of counsel when her attorney failed to object to allegedly inadmissible business records and allegedly prejudicial court exhibits. "It is axiomatic that, because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1140 [4th Dept 2014], lv denied 22 NY3d 866 [2014] [internal quotation marks omitted]; see Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]). Here, the mother's attorney successfully objected at the hearing to the admission of numerous records and refused to stipulate to other records. Even assuming, arguendo, that the mother's attorney should have objected to the other evidence offered by petitioner (see generally Matter of Dustin H., 40 AD3d 995, 996 [2d Dept 2007]), we conclude that "the record, viewed in totality, reveals that the [mother] received meaningful representation" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]; see Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1165 [4th Dept 2020]).
Contrary to the mother's further contention, Family Court did not abuse its discretion in refusing to issue a suspended judgment. At a dispositional hearing, the court "is concerned only with the best interests of the children . . . and its determination is entitled to great deference" (Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1520 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; see Family Ct Act § 631; Star Leslie W., 63 NY2d at 147). Here, at the time of the dispositional hearing, the children had been in foster care for over three years and had bonded with their respective foster parents, who intended to adopt them. In the circumstances of this case, a suspended judgment was not warranted because "any progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status" (Matter of London J. [Niaya W.], 138 AD3d 1457, 1458 [4th Dept 2016], lv denied 27 NY3d 912 [2016] [internal quotation marks omitted]). We therefore conclude that the court properly terminated the mother's parental rights with respect to the children who are the subject of this proceeding and freed the children for adoption.
We have reviewed the mother's remaining contentions and
conclude that none warrants modification or reversal of the order.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court