Matter of David P.S. (Grace C.L.) (2023 NY Slip Op 06608)

Matter of David P.S. (Grace C.L.)

2023 NY Slip Op 06608

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

754 CAF 22-00511

[*1]IN THE MATTER OF DAVID P.S. AND JAMES R.S. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GRACE C.L., RESPONDENT-APPELLANT.

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN. 

 Appeal from an amended order of the Family Court, Steuben County (Philip J. Roche, J.), entered January 26, 2022, in a proceeding pursuant to Family Court Act article 10. The amended order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an amended order of fact-finding and disposition that, inter alia, adjudged the subject children to be neglected children. Initially, the mother did not appear at the fact-finding hearing and, although her attorney was present at the hearing, the attorney did not participate. Under the circumstances, we conclude that the mother's unexplained failure to appear constituted a default (see Matter of Malachi S. [Michael W.], 195 AD3d 1445, 1446 [4th Dept 2021], lv dismissed 37 NY3d 1081 [2021]). " '[I]t is well settled that no appeal lies from an order that is entered upon the default of the appealing party' " (Matter of Roache v Hughes-Roache, 153 AD3d 1653, 1653 [4th Dept 2017]; see Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]). Further, even assuming, arguendo, that the mother raised an issue that was contested below and is thus reviewable on this appeal despite her default (see Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403 [4th Dept 2016]), we take judicial notice of the entry of a subsequent order terminating the mother's parental rights with respect to the subject children and that the time for the mother to appeal from that order has now passed (see Family Ct Act § 1113; see Matter of John D., Jr. [John D.], 199 AD3d 1412, 1414 [4th Dept 2021], lv denied 38 NY3d 903 [2022]). Inasmuch as the order terminating the mother's parental rights to the subject children is final, the disposition renders moot
the appeal from the order entered in the neglect proceedings (see John D., Jr., 199 AD3d at 1414).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court