Matter of Parker J. (Beth F.) (2024 NY Slip Op 05679)

Matter of Parker J. (Beth F.)

2024 NY Slip Op 05679

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

660 CAF 23-00920

[*1]IN THE MATTER OF PARKER J. AND PHOEBE J. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; BETH F., RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered May 4, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject children on the ground of permanent neglect. We affirm.
We reject the mother's contention that she received ineffective assistance of counsel. We conclude that "the record, viewed in totality, reveals that [the mother] received meaningful representation" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]) during the time that counsel represented her.
The mother relatedly contends that she did not knowingly, intelligently, and voluntarily waive her right to counsel (see generally Matter of Danyel J. [LeeAnn B.], 227 AD3d 1484, 1485 [4th Dept 2024], lv denied 42 NY3d 906 [2024]). We reject that contention. Here, Family Court, by asking the mother about her "age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 386 [2011]), engaged in the requisite "searching inquiry" to ensure "that the [mother] was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Storelli v Storelli, 101 AD3d 1787, 1788 [4th Dept 2012] [internal quotation marks omitted]).
We also reject the mother's contention that the court erred in denying her request for a suspended judgment (see Matter of Aubree R. [Natasha B.], 217 AD3d 1565, 1567 [4th Dept 2023], lv denied 40 NY3d 905 [2023]). The court's lone concern at the dispositional phase is "the best interests of the children . . . and its determination is entitled to great deference" (id. [internal quotation marks omitted]). It is well settled that "[a] suspended judgment is a brief grace period designed to prepare the parent to be reunited with the child . . . , and may be warranted where the parent has made sufficient progress in addressing the issues that led to the child's removal from custody" (Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017] [internal quotation marks omitted]). Here, we conclude that the court properly determined that a suspended judgment was unwarranted (see generally Matter of James P. [*2][Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]).
We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court