Matter of Jemma M. (Ashley M.) (2025 NY Slip Op 02498)

Matter of Jemma M. (Ashley M.)

2025 NY Slip Op 02498

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

307 CAF 23-01970

[*1]IN THE MATTER OF JEMMA M. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; ASHLEY M., AND GREGORY M., RESPONDENTS-APPELLANTS. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT ASHLEY M. 
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT GREGORY M.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeals from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered September 19, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that said appeal by respondent Gregory M. is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father and respondent mother appeal from an order that, inter alia, terminated their parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption.
With respect to the father's appeal, the father refused to attend the fact-finding and dispositional hearing and his attorney was not present. The father's refusal to appear constituted a default, and "[i]t is well settled that no appeal lies from an order that is entered upon the default of the appealing party" (Matter of David P.S. [Grace C.L.], 222 AD3d 1332, 1332 [4th Dept 2023] [internal quotation marks omitted]). We therefore dismiss the father's appeal (see id. at 1332-1333; Matter of Paul S. [Ingrid D.], 191 AD3d 1421, 1422 [4th Dept 2021]; Matter of Harold L.S. [Harold S.], 89 AD3d 1447, 1447 [4th Dept 2011]).
With respect to the mother's appeal, we affirm. Contrary to the mother's contention, petitioner established that it exercised diligent efforts to encourage and strengthen the parent-child relationship, as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[ ] to overcome problems that prevent the discharge of the child into their care, and informing the parent[ ] of [the] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]). Petitioner is not required, however, to "guarantee that the parent succeed in overcoming [their] predicaments" (Matter of Sheila G., 61 NY2d 368, 385 [1984]; see Matter of Jamie M., 63 NY2d 388, 393 [1984]). Rather, the parent must "assume a measure of initiative and responsibility" (Jamie M., 63 NY2d at 393). Here, petitioner established by clear and convincing evidence (see § 384-b [3] [g] [i]) that it exercised diligent efforts to encourage and strengthen the mother's relationship with the child (see Matter of Janette G. [Julie G.], 181 AD3d 1308, 1308-1309 [4th Dept 2020], lv denied 35 NY3d 907 [2020]). Petitioner developed a plan for services addressing the mother's needs; reviewed and discussed the service plan with the mother and apprised the mother of her progress on a regular basis; referred her to substance abuse treatment and family therapy; and encouraged the mother to visit the child.
Contrary to the further contention of the mother, we conclude that, despite petitioner's diligent efforts, the mother failed to plan for the child's future. " '[T]o plan for the future of the child' shall mean to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (Social Services Law § 384-b [7] [c]). Here, the evidence established that the mother failed to obtain suitable housing and failed to progress to unsupervised visitation with the child. She also failed to complete substance abuse treatment, and thus did not "take steps to correct the conditions that led to the removal of the child from [her] home" (Matter of Nathaniel T., 67 NY2d 838, 840 [1986] [internal quotation marks omitted]; see Matter of Jacob A. [Robert G.N.], 231 AD3d 1485, 1486 [4th Dept 2024]; Matter of Giohna R. [John R.], 179 AD3d 1508, 1509 [4th Dept 2020], lv dismissed in part & denied in part 35 NY3d 1003 [2020]).
Contrary to the mother's further contention, we conclude that "the record supports [Family Court's] determination that termination of her parental rights is in the best interests of the child, and that a suspended judgment was not warranted under the circumstances inasmuch as any progress made by the mother prior to the dispositional determination was insufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Kendalle K. [Corin K.], 144 AD3d 1670, 1672 [4th Dept 2016]).
We reject the mother's contention that she was denied effective assistance of counsel. She raised many of the same alleged failures by counsel in a related proceeding, and we concluded that they were without merit (Matter of Nedia M. v Ashley M., — AD3d &mdash, &mdash, 2025 NY Slip Op 01731, *2 [4th Dept 2025]). We conclude that "the record, viewed in totality, reveals that the [mother] received meaningful representation" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]; see Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1165 [4th Dept 2020]).
The mother further contends that the court erred in sua sponte conforming the pleading to the proof by amending the one-year period stated in the petition by six days. We reject that contention. The petition alleged that the mother failed for a period of one year, from October 2, 2019, until October 2, 2020, to plan for the future of the child, but in fact the child was not removed from the mother's home until October 8, 2019. Family Court has the authority to conform the pleadings to the proof, sua sponte (see Matter of Pandora S.D. [Isabelle D.], 231 AD3d 575, 575-576 [1st Dept 2024], lv denied 43 NY3d 901 [2025]; Matter of Jackalyne WW. [Kevin VV.], 195 AD3d 1092, 1092-1093 [3d Dept 2021]; see generally CPLR 3025 [c]). The court did not abuse its discretion inasmuch as the mother was neither surprised nor prejudiced by the amendment (see Jackalyne WW., 195 AD3d at 1092-1093; Matter of Ariel C.W.-H. [Christine W.], 89 AD3d 1438, 1438-1439 [4th Dept 2011]).
The mother's contention that the court erred when it proceeded to a dispositional hearing prior to making the required findings for permanent neglect (see Family Ct Act § 625 [a]) is not preserved for our review (see CPLR 5501 [a] [3]; Family Ct Act § 1118; see generally Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [4th Dept 2012]).
We have considered the mother's remaining contention and conclude that it is without merit.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court