Matter of Gabriel S. (Thomas S.) (2025 NY Slip Op 05604)

Matter of Gabriel S. (Thomas S.)

2025 NY Slip Op 05604

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

727 CAF 24-00200

[*1]IN THE MATTER OF GABRIEL S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; THOMAS S., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 4, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Social Services Law § 384-b proceeding, respondent father appeals from an order that terminated his parental rights with respect to the subject child. We affirm.
Contrary to the father's contention, petitioner established by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the father's relationship with the child, including during the period of his incarceration (see Matter of Natalee F. [Eric F.], 194 AD3d 1397, 1397 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1164 [4th Dept 2020]; Matter of Callie H. [Taleena W.], 170 AD3d 1612, 1613 [4th Dept 2019], lv denied 35 NY3d 905 [2020]). With respect to the period of the father's incarceration, the father's caseworker testified that she sent him monthly letters, which included a toll free phone number and an address where she could be contacted, a list of services, and warnings regarding the possibility of termination of parental rights (see Callie H., 170 AD3d at 1613).
Contrary to the father's further contention, petitioner established that, despite its diligent efforts, the father failed to plan appropriately for the child's future (see id. at 1614). The father failed to comply with services offered to him before his incarceration, and once incarcerated, he failed to communicate with his caseworker (see generally Matter of Shanequia P., 302 AD2d 890, 891 [4th Dept 2003]). We conclude that "there is no evidence that he had a realistic plan to provide an adequate and stable home for the child[ ]" (Natalee F., 194 AD3d at 1398). Finally, we reject the father's contention that his release from prison warrants remittal for a new dispositional hearing (see generally Matter of Jazmine M. [Willie R.], 185 AD3d 1457, 1458 [4th Dept 2020], lv denied 36 NY3d 902 [2020]; Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court