Matter of Amiyah C. (Wanda T.) (2026 NY Slip Op 00740)

Matter of Amiyah C. (Wanda T.)

2026 NY Slip Op 00740

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

976 CAF 24-01397

[*1]IN THE MATTER OF AMIYAH C. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; WANDA T., RESPONDENT, AND MARCUS C., RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (LISA S. CUOMO OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered July 29, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect.
Contrary to the father's contention, petitioner established that it exercised diligent efforts to encourage and strengthen the parent-child relationship, as required by Social Services Law § 384-b (7) (a). "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[ ] to overcome problems that prevent the discharge of the child into their care, and informing the parent[ ] of [the] child's progress" (Matter of Jessica Lynn W., 244 AD2d 900, 900-901 [4th Dept 1997]; see § 384-b [7] [f]). Here, petitioner developed a comprehensive service plan for the father, which included mental health treatment, domestic violence services, anger management counseling, substance abuse evaluation, and clinical visitation services. Petitioner also communicated to the father its concern with his continued volatile relationship with the child's mother.
Contrary to the further contention of the father, we conclude that, despite petitioner's diligent efforts, the father failed to plan for the child's future. " '[T]o plan for the future of the child' shall mean to take such steps as may be necessary to provide an adequate, stable home and parental care for the child" (Social Services Law § 384-b [7] [c]). Here, the father failed to complete or make adequate progress in the services that petitioner recommended, including mental health services, and he continued his relationship with the mother (see Matter of Albina H. [John H.], 229 AD3d 1169, 1170 [4th Dept 2024], lv denied 42 NY3d 903 [2024]). Furthermore, Family Court properly drew the strongest possible negative inference against the father after he failed to testify at the fact-finding hearing (see Matter of Ariana F.F. [Robert E.F.], 202 AD3d 1440, 1442 [4th Dept 2022]).
We reject the father's contention that he was denied effective assistance of counsel. Here, we conclude that "the record, viewed in totality, reveals that the father received meaningful representation" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]; see [*2]Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1165 [4th Dept 2020]).
The father failed to preserve for our review his contention that the court should have granted a suspended judgment (see Matter of Matilda B. [Gerald B.], 187 AD3d 1677, 1679 [4th Dept 2020], lv denied 36 NY3d 905 [2021]), and, in any event, a suspended judgment was not warranted under the circumstances (see Matter of Moses K.B. [Ezra B.B.], 239 AD3d 1479, 1479-1480 [4th Dept 2025]; Matter of Mea V. [Brandon V.], 235 AD3d 1242, 1243 [4th Dept 2025]).
We have reviewed the father's remaining contentions and conclude that they lack merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court